IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN SCOTT, | : | No. 3:CV-04-203 |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| GRAPHIC COMMUNICATIONS INTERNATIONAL UNION and GRAPHIC COMMUNICATIONS LOCAL UNION 97-B A/K/A LOCAL 2410M, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### April 25, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Reconsideration of the Court's March 15, 2005 Order ("the Motion") (doc. 111) filed by Plaintiff Robin Scott ("Plaintiff") on March 23, 2005.

For the reasons that follow, we will deny Plaintiff's Motion for Reconsideration.

**STANDARD OF REVIEW:**

As we explained in our March 15, 2005 Order, motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of

1

judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. 2001)(citations and internal quotation marks omitted); see also Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002).

**DISCUSSION:**

As the factual and procedural history are both well known to the parties and

stated in our prior orders, we need not repeat them here other than to note the disposition of our March 15, 2005 Order which forms the basis for Plaintiff's instant Motion. (See Rec. Doc. 110).

In our March 15, 2005 Order, we granted a Motion to Reconsider our February 16, 2005 Order filed by Defendant Graphic Communications Local Union 97-B A/K/A LOCAL 241-M ("Local"), vacated our February 16, 2005 Order, granted Defendant Local's Motion for Summary Judgment, and denied as moot the outstanding Motions in Limine. See id. We therefore dismissed Plaintiff's action in its entirety.

After a careful review of Plaintiff's Motion and accompanying submissions, we do not find that Plaintiff has demonstrated any one of the following necessary to alter or amend our March 15, 2005 Order: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677(citing North River Ins. Co., 52 F.3d at 1218).

Accordingly, Plaintiff's Motion for Reconsideration of the Court's March 15, 2005 Order is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration of the Court's March 15, 2005 Order (doc. 111) is DENIED.

2. The file shall remain closed.

s/ John E. Jones III  
John E. Jones III  
United States District Judge